# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2690     CR08-4087 MWB
_____

| | |
|---|---|
| United States of America, | |
| Appellee, | |
| v. | Appeal from the United States District Court for the Northern District of Iowa. |
| Jesus Palomarez, | [UNPUBLISHED] |
| Appellant. | |

_____

Submitted: February 4, 2010
Filed: February 23, 2010
_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

    In this direct criminal appeal, Jesus Palomarez challenges the 262-month sentence the district court[1] imposed after he pleaded guilty to one count of possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable

---

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

and that the court violated Fed. R. Crim. P. 11 by inaccurately describing the firearm charge at the change-of-plea hearing.  Palomarez has filed a pro se supplemental brief additionally challenging the contents of a psychological evaluation report submitted by his counsel at the sentencing hearing, and arguing that his counsel was ineffective.

We conclude that Palomarez's within-Guidelines-range sentence is not unreasonable.  The district court considered appropriate and relevant sentencing factors, see 18 U.S.C. § 3553(a) (sentencing factors include circumstances of offense, need to reflect seriousness of offense and to protect public from defendant's further crimes, and history and characteristics of defendant), and nothing in the record suggests that the court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment, see United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness of sentence reviewed for abuse of discretion; defining ways in which abuse of discretion may occur); see also Rita v. United States, 551 U.S. 338, 347 (2007) (approving appellate presumption of reasonableness for within-Guidelines-range sentences); United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005) (applying presumption).

We also conclude that no Rule 11 violation occurred, see United States v. Todd, 521 F.3d 891, 895 (8th Cir. 2008) (no Rule 11 violation where, at plea hearing, defendant was not advised of elements of § 924(c)(1)(A) as stated by the indictment, rather court lumped together "in furtherance" and "in relation to" offenses and defendant pleaded guilty to the charge as described; "[b]y pleading guilty to the offense described at the plea hearing, Todd admitted both that he carried a firearm during and in relation to the commission of a drug trafficking crime, and that he possessed a firearm in furtherance of a drug trafficking crime."), and, in any event, there is no indication that, but for the allegedly inaccurate description of the firearm charge, Palomarez would not have pleaded guilty, see United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (defendant seeking reversal of conviction entered upon guilty plea, based on plain error under Rule 11, must show reasonable

probability that, but for error, he would not have entered plea); United States v. Vonn, 535 U.S. 55, 58-59 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain-error rule).

As to Palomarez's remaining pro se arguments, we find that the contents of the psychological evaluation report are immaterial because the court did not consider it in determining Palomarez's sentence, cf. Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."), and we decline to consider Palomarez's ineffective-assistance arguments at this time, see United States v. Ramirez-Hernandez, 449 F.3d 824, 826-827 (8th Cir. 2006) (ineffective-assistance claims are best litigated in 28 U.S.C. § 2255 proceedings).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm.

_____